# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JAMES D. SHEWMAKER**
**United States Army, Appellant**

ARMY 20130351

Headquarters, United States Army Alaska
David L. Conn, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Lieutenant Colonel Charles C. Choi, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

27 May 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

LIND, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of twenty specifications of larceny of property of a value less than $500.00 in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (2013) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, forfeiture of $934.00 pay per month for four months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for ninety days, forfeiture of $934.00 pay per month for four months, and reduction to the grade of E-1.  The convening authority also credited appellant with five days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant raises one assignment of error alleging that Specifications 13-19 of the Charge are an unreasonable multiplication of charges for findings because the items charged in

these specifications were one larceny committed at substantially the same time and place, and requests that this court dismiss those specifications "[g]iven that appellant already served his confinement." The government, citing *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009), argues that this court should hold appellant to his "waive any motions in this court-martial" clause in his pretrial agreement and find appellant has waived the issue of unreasonable multiplication of charges. If we decline to apply waiver, the government concedes that Specifications 13-19 of the Charge arise out of a single larceny and constitute an unreasonable multiplication of charges for findings, and asks us to merge Specifications 13-19 into Specification 13 and dismiss Specifications 14-19.

We decline to enforce appellant's waiver clause on the issue of unreasonable multiplication of charges pursuant to our authority under Article 66(c), UCMJ. *See United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001) (citing *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A. 1991)); *United States v. Powell*, 49 M.J. 460, 464 (C.A.A.F. 1998).[*]

Application of the *Quiroz* factors in this case weighs in favor of appellant. *See Quiroz*, 55 M.J. at 338-39. We agree that Specifications 13-19 of the Charge arise from a single larceny and that the specifications are an unreasonable multiplication of charges for findings. *See Manual for Courts-Martial, United States* (2012) ed.*,* pt. IV, ¶ 46.(c)(1)(i)(ii) ("When a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons."); *see also United States v. Hines*, 73 M.J. 119, 123 (C.A.A.F. 2014). However, we disagree that dismissal is the appropriate remedy and will consolidate Specifications 13-19 of the Charge into one specification.

Specifications 13-19 of the Charge are consolidated into Specification 13 of the Charge as follows:

> In that PFC James D. Shewmaker, U.S. Army, did, at or near Fort Wainwright, Alaska, between on or about 1 September 2012 and on or about 12 January 2013, steal a Playstation Vita portable game system; a Playstation Vita All Star Battle Royal video game; a Playstation Vita Call of Duty: Roads to Victory video game; a Playstation Vita Gravity Rush video game; a Playstation Vita Assassin's

---

[*] Appellant specifically waived a motion to suppress evidence and a motion to suppress his statement in his pretrial agreement's "waive any motions in this court-martial" clause. Unreasonable multiplication of charges was not addressed in the clause, nor was there any discussion of waiver of any motion regarding unreasonable multiplication of charges between appellant and the military judge.

Creed III: Liberation video game; a Playstation Vita LEGO Batman 2 video game; and a Playstation Vita Need for Speed: Most Wanted video game, of a value of $500 or less, the property of the Army and Air Force Exchange Service.

The finding of guilty of Specification 13 of the Charge as consolidated is AFFIRMED. The findings of guilty of Specifications 14-19 of the Charge are set aside and dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence.

In evaluating the *Winckelmann* factors, there is no change in the penalty landscape because appellant's maximum punishment was capped at the jurisdictional limit of a special court-martial: a bad-conduct discharge, confinement for one year, forfeiture of two-thirds pay per month for twelve months, and reduction to the grade of E-1. 73 M.J. at 15-16; UCMJ art. 19; Rule for Courts-Martial [hereinafter R.C.M.] 201(f)(2)(B); R.C.M. 1003(b)(4). The gravamen of the offenses has not changed and appellant remains convicted of all of the items originally charged. *Winckelmann*, 73 M.J. at 16. Finally, this court reviews the records of a substantial number of courts-martial involving larceny from the Army and Air Force Exchange Service and we have extensive experience with the level of sentences imposed for such offenses under various circumstances. *Id.*

The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

Judge KRAUSS and Judge BORGERDING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court