# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist RICKY L. BLUE, JR.**
**United States Army, Appellant**

ARMY 20131091

Headquarters, 7th Infantry Division
Jeffery Lippert, Military Judge (arraignment)
Brad Bales, Military Judge (trial)
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Major Yolanda McCray-Jones, JA; Major Candace N. White Halverson, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

30 December 2015

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of five specifications of larceny and two specifications of obstructing justice, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, fifteen months of confinement, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

This case is before us for review under Article 66, UCMJ.  Appellant assigns one error, which does not merit discussion or relief.  However, one additional issue warrants brief discussion and relief.

**DISCUSSION**

With respect to the larceny specifications, appellant was charged with, pleaded guilty to, and was convicted of stealing distinct military financial allowances or entitlements, at different duty stations, and throughout different time frames. Four of the specifications charge appellant with stealing the relevant military allowance "on divers occasions" throughout the alleged time period.

This very scenario was addressed in *United States v. Hines*, 73 M.J. 119 (C.A.A.F. 2014). As *Hines* clarifies, "the formulation of a plan or scheme or the setting up of a mechanism which, when put into operation, will result in the taking or diversion of sums of money on a recurring basis, will produce but one crime." *Id.* at 123 (quoting *United States v. Billingslea*, 603 F.2d 515, 520 (5th Cir. 1979)). Accordingly, we will amend four of the larceny specifications by removing the words "on divers occasions."

**CONCLUSION**

The court amends the findings of guilty of Specifications 1, 2, 4, and 5 of Charge I by deleting and dismissing the words "on divers occasions" from those specifications and AFFIRMS the findings of guilty to those specifications as amended. The remaining findings of guilty are AFFIRMED. After reassessment of the sentence in accordance with *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence is AFFIRMED. Not only do we find this reassessed sentence purges any taint from the abovementioned error, but it is also appropriate. All rights, privileges, and property of which appellant was deprived by virtue of that portion of the findings being set aside by this decision are hereby ordered restored.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

2