# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Senior Airman IAN D. DESILVA
### United States Air Force

## ACM S32335

## 4 October 2016

Sentence adjudged 14 April 2015 by SPCM convened at Joint Base Charleston, South Carolina. Military Judge: Christopher F. Leavey (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 7 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Thomas A. Smith.

Appellate Counsel for the United States: Major J. Ronald Steelman III and Gerald R. Bruce, Esquire.

Before

DUBRISKE, HARDING, and C. BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

DUBRISKE, Senior Judge:

In accordance with his guilty plea as part of a pretrial agreement, Appellant was convicted by a military judge sitting alone of willful dereliction of duty, wrongful use of cocaine on divers occasions, and wrongful possession of alprazolam, a Schedule IV controlled substance, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a.

1

Appellant was sentenced to a bad-conduct discharge, seven months of confinement, forfeiture of $1,031.00 pay per month for seven months, and reduction to E-1. The convening authority approved the sentence as adjudged, with the exception of forfeitures of pay. Mandatory forfeitures of pay were then waived to the maximum extent for the benefit of Appellant's spouse.

Appellant's case was initially submitted to this court on its merits. After reviewing the record of trial, however, the court specified an issue related to the providence of Appellant's guilty plea to the two specifications of willful dereliction of duty. After receiving briefs from the parties, we find the military judge abused his discretion in accepting Appellant's plea for willful dereliction of duty.

*Providence of the Plea*

In addition to various drug offenses, Appellant was charged with two specifications of willful dereliction of duty for failing to register his privately owned firearm with base law enforcement authorities and for failing to store ammunition in a locked container separate from the firearm. The duty at issue was prescribed by regulatory guidance promulgated by leadership at Appellant's installation.

After entering his guilty plea, the military judge instructed Appellant on the elements of the dereliction of duty offense as it applied to his failing to register his privately owned firearm. The military judge's initial listing of the elements omitted the requirement that Appellant's conduct must have been willful. However, when providing definitions for the offense, the judge defined the term "willful," explaining that the term means "intentionally" and "refers to the doing of an act knowingly and purposely, specifically intending the natural and probable consequences of the act."

After discussing with Appellant the source of the duty and ascertaining that Appellant had knowledge of the assigned duty when he violated it, the military judge addressed *mens rea* with Appellant.

> MJ: Did you knowingly and purposely fail to perform your duties, specifically intending the natural and probable consequences of them?
>
> ACC: Yes, sir.
>
> MJ: Why did you do that?
>
> ACC: Sir, I knew I had to register them but I just did not do it within the specified timeframe.

2

MJ: Did you ever register them before they were found during the search?

ACC: On-base, sir?

MJ: On-base?

ACC: No, sir.

MJ: Why didn't you register them prior to them being discovered?

ACC: [Conferring with counsel.] It was just neglect on my part, sir. I just didn't get it done within the timeframe.

Later in the providence inquiry, the military judge confirmed that Appellant had sufficient opportunity to register his privately owned firearm if he had wanted to do so. However, the military judge never inquired further about Appellant's use of the term "neglect" in stating why he did not register his firearm with base authorities.

The military judge then turned to the second specification alleging Appellant was willfully derelict in failing to properly store ammunition for his firearm. Similar to the first specification, the military judge's listing of the elements failed to include the willfulness requirement. Thereafter, the military judge and Appellant engaged in a similar colloquy.

MJ: Did you knowingly and purposely fail to perform your duties, specifically intending the natural and probable consequences of that failure?

ACC: Yes, sir.

MJ: Why did you do that or, probably phrased better, why didn't you go ahead and store the ammunition in a locked container separate from any firearms?

ACC: Sir, I knew I had a duty to keep them separate in a locked container but I stored them together through neglect.

The military judge again did not clarify Appellant's use of the term "neglect" in supporting his plea.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In order to

3

prevail on appeal, Appellant has the burden to demonstrate "a substantial basis in law [or] fact for questioning the guilty plea." *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted). The "mere possibility" of a conflict between the accused's plea and statements or other evidence in the record is not a sufficient basis to overturn the trial results. *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (quoting *Prater*, 32 M.J. at 436) (internal quotation marks omitted). A guilty plea will only be considered improvident if testimony or other evidence of record reasonably raises the question of a defense, or includes something patently inconsistent with the plea in some respect. *See United States v. Roane*, 43 M.J. 93, 98–99 (C.A.A.F. 1995).

In response to the specified issue, the Government argues the word "neglect" is commonly defined as encompassing both willfulness and negligence. As such, Appellant's use of the term during the providence inquiry does not provide a substantial basis to question the military judge's acceptance of the plea. This is especially true, the Government argues, when you examine Appellant's other statements in which he admitted in response to the military judge's questions that he "knowingly and purposefully" failed to perform his assigned duties.

While it is possible Appellant intended to use a "willfulness" version of the term "neglect," this is not apparent from the record and it was the military judge's duty to resolve any inconsistencies with Appellant on the record. *See United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014). Further, dereliction of duty through *neglect* is separate and distinct from *willful* dereliction of duty, with enhanced punishment available for the latter. *Manual for Courts-Martial, United States*, Part IV, ¶ 17.e(3) (2012 ed.). As such, the word "neglect" has a particularized meaning under Article 92, UCMJ. By informing the military judge that his reason for not registering the firearm as required was "just neglect" and that he had stored the firearm and ammunition together "through neglect," Appellant set up matters inconsistent with his guilty plea to willful dereliction of duty. The military judge's failure to resolve the apparent inconsistencies causes us to find he abused his discretion.

Although we find Appellant's plea to the specifications alleging willful dereliction of duty to be improvident, this does not end our inquiry as we must examine lesser included offenses. Given Appellant stated his failure to perform his duties were due to neglect, we find Appellant's admissions were sufficient to find him guilty of negligent dereliction of duty. Accordingly, as to Specification 1 and Specification 2 of Charge II, we affirm the findings to the lesser included offense of negligent dereliction of duty by excepting the word "willfully" from each specification and substituting the word "negligently."

Having found Appellant's guilty of only the lesser included offenses, we must consider whether we can reassess the sentence or whether we must return the case for a rehearing on sentence. This court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Our superior court has often held that if we "can determine to [our] satisfaction that, absent any error, the sentence

adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error[.]" *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

Here, we are able to reassess the sentence and do so after applying the principles articulated by our superior court in *Winckelmann* to the facts and circumstances presented by Appellant's case. While the penalty landscape changed slightly based on our disapproval of the greater offense, the remaining *Winckelmann* factors weigh heavily in favor of reassessment. The lesser included offenses still capture the gravamen of the charged specifications, and the circumstances surrounding Appellant's conduct would have remained admissible and relevant on the lesser charges.

For these reasons, we reassess the sentence to that approved by the convening authority. We are satisfied that, based on the circumstances surrounding the lesser included offenses, the military judge would not have adjudged a sentence less than that approved by the convening authority in this case.

*Promulgating Order Error*

We note Specification 1 of Charge II on the initial court-martial promulgating order (CMO) incorrectly states Appellant violated paragraph 1.3.3 of the installation's security plan. While Appellant was initially charged with violating this specific paragraph, the Government noted on the record that the charge sheet had been modified to allege a violation of paragraph 1.1.3. We direct completion of a corrected CMO to remedy this error.

*Conclusion*

The findings, as modified, and sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings, as modified, and sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

5