# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32660

————————————

### UNITED STATES
*Appellee*

**v.**

### James H. KENNEDY IV
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 1 November 2021

————————————

*Military Judge:* Jennifer E. Powell.

*Sentence:* Sentence adjudged on 28 May 2020 by SpCM convened at Holloman Air Force Base, New Mexico. Sentence entered by military judge on 7 July 2020: Bad-conduct discharge, confinement for 345 days, forfeiture of $1,400.00 pay per month for 8 months, reduction to E-1, and a reprimand.

*For Appellant:* Captain Ryan S. Crnkovich, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RAMÍREZ, and RICHARDSON, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge POSCH and Judge RICHARDSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RAMÍREZ, Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of negligent dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892; one specification of willfully and wrongfully damaging non-military property of the United States, in violation of Article 109, UCMJ, 10 U.S.C. § 909; and one specification of assault consummated by a battery upon an intimate partner and one specification of aggravated assault by strangulation,[1] in violation of Article 128, UCMJ, 10 U.S.C. § 928.[2]

After accepting the pleas,[3] the military judge sentenced Appellant to a bad-conduct discharge, confinement for 345 days, forfeiture of $1,400.00 pay per month for eight months, reduction to the grade of E-1, and a reprimand. The plea agreement contemplated that the convening authority would refer the

---

[1] The specification alleging aggravated assault by strangulation did not include the word "aggravated," nor does any other document in this case, including: the offer for plea agreement, the Statement of Trial Results, the entry of judgment, the legal review for the convening authority's decision on action, or the trial counsel's post-trial notice of rights to the victim. The assignment of error and the Government's answer also do not use this language. However, the military judge addressed this issue on the record. She explained that "the parties had agreed that [the specification] was charged as an aggravated assault by strangulation, which is also Article 128." The military judge continued:

> [I]t's the NDAA -- so that's the National Defense Authorization Act -- which added the paragraph[:] Who commits an assault by strangulation or suffocation[,] to what qualifies as an aggravated assault. And that modification to Article 128 of the UCMJ took effect on 1 January of 2019, and the offense that's charged is charged on or about 15 September [2019].

Appellant acknowledged he understood and this made sense to him. Appellant does not raise this as an issue and we do not address it further.

[2] The charges and specifications alleged the commission of offenses after 1 January 2019. Except where indicated, references in this opinion to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.). Further, the Military Justice Act of 2016, National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001–5542 (23 Dec. 2016), as fully implemented by Exec. Order 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018), applied to Appellant's trial, sentencing, and post-trial processing.

[3] Pursuant to the plea agreement, one specification of assault with a dangerous weapon (loaded firearm) upon an intimate partner, in violation of Article 128, UCMJ, 10 U.S.C. § 928, was withdrawn and dismissed. This occurred after the court accepted Appellant's guilty pleas.

case to trial by a special court-martial but contained no limitation on the sentence other than that dictated by the forum.

Appellant raises a single issue on appeal—whether his guilty plea to damaging personal property other than military property, in violation of Article 109, UCMJ, was improvident and his conviction was thus legally insufficient.

We find no material prejudice to a substantial right of Appellant and affirm the findings and sentence.

## I. BACKGROUND

Appellant and RJ met and developed a romantic relationship in the summer of 2019, when Appellant was stationed at Holloman Air Force Base (AFB), New Mexico. On 15 September 2019, Appellant was living in the dorms on Holloman AFB, and RJ was with him. That night, Appellant and RJ got into an argument about information on RJ's cell phone. After this argument, Appellant assaulted RJ multiple times and strangled her. Appellant also punched a wall in the dorm room, creating a hole in the wall.

At one point during the events, while on base, Appellant went to his car and sat there with his loaded shotgun; he then walked toward the dormitory and handed the shotgun to a friend. Appellant stipulated that on 15 September 2019, he had owned the shotgun for more than five months and that he knew he had failed to register it with the security forces armory.

## II. DISCUSSION

For the first time on appeal, Appellant alleges his plea of guilty and conviction for an offense in violation of Article 109, UCMJ, cannot be sustained, when the charged conduct was damaging a wall of a building situated on a military installation. Specifically, Appellant claims it was legally insufficient that the Government charged that the wall was "the property of the United States Government." Appellant claims, as a matter of law, that a government building situated on a military installation is "military property," and the Government was required to charge Appellant with an offense in violation of Article 108, UCMJ, 10 U.S.C. § 908.

Appellant further claims the specification, as preferred and referred, was legally deficient because it did not use the terms "spoil" or "waste" to indicate real property was damaged. Appellant makes a legal distinction between the characteristics of real and personal property to buttress his claims.

Although Appellant casts the issue as the providence of his plea of guilty and whether his conviction is correct in law as a result, the gravamen of his appeal appears to be that the specification of willfully damaging non-military property of the United States, in violation of Article 109, UCMJ, as charged,

failed to state an offense. As discussed below, we find this issue was waived and decline to grant relief.

## A. Additional Background

Appellant was charged with violating Article 109, UCMJ. The specification alleged that Appellant

> did, at or near Holloman Air Force Base, on or about 15 September 2019, willfully and wrongfully damage by punching a wall in Building 452, the amount of said damage being in the sum of less than $1000, the property of the United States Government.

In the stipulation of fact, Appellant agreed that the damaged wall was property belonging to the United States government and that the damage was between $200 and $500—as estimated by the "Foreman of the Structures Section in the 49th Civil Engineer Squadron, Holloman AFB, NM."

During the providence inquiry, the military judge explained to Appellant that:

> [The specification] represents a violation of Article 109 of the UCMJ. The elements of that offense, which is called destroying or damaging non-military property, are:

> One, that at or near Holloman Air Force Base, on or about 15 September 2019, you willfully and wrongfully damaged certain personal property, that is a wall in Building 452, by punching the wall;

> Two, that the property belonged the United States government; and

> Three, the damage was in the amount of less than $1,000.

Regarding the nature of the property, the military judge and Appellant had the following exchange:

> [Military Judge]: Who did the property belong to?

> [Appellant]: The United States government.

> [Military Judge]: Okay. And how do you know that?

> [Appellant]: Because it's my dorm room at Holloman Air Force Base. I was assigned this dorm.

> [Military Judge]: When you were assigned that dorm room, or anytime after that, were you told that your dorm room belonged to the United States government?

> [Appellant]: Yes, Your Honor.

Additionally, as part of his plea agreement, Appellant agreed to waive all waivable motions. The military judge questioned both Appellant and trial defense counsel about this issue. The military judge explained that that "certain motions are waived, or given up," if not raised before entering a plea. Appellant said that he understood. Trial defense counsel then explained that the only motion contemplated was a motion to suppress statements made by Appellant. The military judge explained further by ensuring Appellant understood that this term of the "agreement may preclude this court or any appellate court from having the opportunity to determine if [Appellant was] entitled to any relief based upon any motions." Trial defense counsel then acknowledged that the Defense had originated the waiver of waivable motions provision, and Appellant agreed that he "freely and voluntarily agree[d] to this term to waive all waivable motions in order to receive what [he] believed to be a beneficial plea agreement."

## B. Failure to State an Offense

### 1. Law

"Any person subject to this chapter who willfully or recklessly wastes, spoils, or otherwise willfully and wrongfully destroys or damages any property other than military property of the United States shall be punished as a court-martial may direct." Article 109, UCMJ, 10 U.S.C. § 909.

"By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the [charge sheet]; he is admitting guilt of a substantive crime." *United States v. Hardy*, 77 M.J. 438, 442 (C.A.A.F. 2018) (quoting *United States v. Broce*, 488 U.S. 563, 570 (1989)). Therefore, an "unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings." *Id.* (internal quotation marks and citations omitted).

A challenge to a specification for failure to state an offense is a waivable motion and one that must be raised before the adjournment of the court-martial in that case. Rule for Courts-Martial (R.C.M.) 907(b)(2)(E); *see also United States v. Sanchez*, 81 M.J. 501, 504 (A. Ct. Crim. App. 2021) ("[I]n 2016, the President amended R.C.M. 907 to make clear that claims of failure to state an offense *were* non-jurisdictional, and therefore waivable." (citing R.C.M. 907(b)(2)(E)).

### 2. Analysis

Our sister service court recently stated: "Securing a favorable pretrial agreement via a guilty plea, and then on appeal attacking the facial legality of one of the specifications, is inconsistent with the fair and efficient administration of justice." *Sanchez*, 81 M.J. at 506. We agree with this sentiment.

The law is clear. Appellant's challenge to whether this specification stated an offense must have been made prior to the conclusion of the court-martial.

Here, Appellant secured a favorable plea agreement, and, in exchange, he waived all waivable motions. Appellant did so freely and voluntarily. This issue is waived.

We also echo the advice given by the *Sanchez* court: "We remind practitioners of the importance of raising and litigating claims—particularly purely legal claims—early in the court-martial process." *Id.*

**C. Sufficiency of the Plea to Damage to Dormitory Room Wall**

**1. Law**

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015) (citation omitted). "A military judge abuses this discretion if [she] fails to obtain from the accused an adequate factual basis to support the plea -- an area in which we afford significant deference." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citation omitted).

"The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citation omitted). An appellant bears the "burden to demonstrate a substantial basis in law and fact for questioning the plea." *United States v. Finch*, 73 M.J. 144, 148 (C.A.A.F. 2014) (quoting *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004)).

"[W]hen a plea of guilty is attacked for the first time on appeal, the facts will be viewed in the light most favorable to the [G]overnment." *United States v. Arnold*, 40 M.J. 744, 745 (A.F.C.M.R. 1994) (citation omitted). We accept as true facts to which the parties stipulated in support of a guilty plea. *See United States v. Castro*, 81 M.J. 209, 212 (C.A.A.F. 2021) (citations omitted). This is so because "[u]nless properly withdrawn or ordered stricken from the record, a stipulation of fact that has been accepted is binding on the court-martial and may not be contradicted by the parties thereto." *Id.* at 211 (citation omitted).

"The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." R.C.M. 910(e). When entering a guilty plea, the accused should understand the law in relation to the facts. *United States v. Care*, 40 C.M.R. 247, 251 (C.M.A. 1969).

The record of trial must show that the military trial judge "questioned the accused about what he did or did not do, and what he intended." *Id.* at 253. This is to make clear to the military judge whether the accused's acts or omissions constitute the offense to which he is pleading guilty. *Id.* "If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the

plea." *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (internal quotation marks and citation omitted).

"This court must find a substantial conflict between the plea and the accused's statements or other evidence in order to set aside a guilty plea. The mere possibility of a conflict is not sufficient." *Id.* (internal quotation marks and citation omitted). We apply a "substantial basis" test by determining "whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322.

In reviewing the providence of an appellant's guilty pleas, "we consider his colloquy with the military judge, as well any inferences that may reasonably be drawn from it." *United States v. Timsuren*, 72 M.J. 823, 828 (A.F. Ct. Crim. App. 2013) (quoting *United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F. 2007)).

"A plea is provident so long as [an appellant] was convinced of, and was able to describe, all of the facts necessary to establish his guilt." *United States v. Murphy*, 74 M.J. 302, 308 (C.A.A.F. 2015) (internal quotation marks, citation, and alternations omitted). Moreover:

> [F]ailure to define correctly a legal concept or explain each and every element of the charged offense to the accused in a clear and precise manner is not reversible error if it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty.

*Id.* (internal quotation marks, alteration, and citation omitted).

**2. Analysis**

At the outset, there is no substantial conflict between the plea and other evidence. Notably, the stipulation of fact states that the damaged wall was property belonging to the United States government and that the damage was between $200.00 and $500.00. The facts about the character of the property damaged "are legally possible," and as such, the parties were free to stipulate to them and we must accept them. *Castro*, 81 M.J. at 214 n4.

We turn, then, to the question of whether Appellant "set[ ] up a matter inconsistent with his plea" at any time during the proceeding. *See Hines*, 73 M.J. at 124. If he did, we must ask whether there is a substantial conflict between the plea and Appellant's statements or other evidence; the mere possibility of a conflict is not sufficient. *See id.* We find Appellant did not set up any inconsistencies or substantial conflicts between his statements and the offense to which he pleaded guilty. Appellant admitted during the providence inquiry that he was in an argument with RJ, became angry, and punched a hole in the wall of his dorm. He explained, "I know my actions were willful and wrongful because I hit the wall on purpose and damaging property like that is not how

an Airman should act." He agreed that the dorm room wall was property belonging to the United States government, that he knew this because he was told his dorm room belonged to the United States government, and that the repair for the damage he caused was less than $1,000.00.

We conclude that Appellant did not set up a matter inconsistent with the plea, which would have required the military judge to either resolve the apparent inconsistency or reject the plea. Therefore, we find that the military judge did not abuse her discretion in finding Appellant's plea to be provident.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court