UNITED STATES, Appellee

v.

Tom K. HOLBROOK, Seaman
U.S. Coast Guard, Appellant

No. 07-0350

Crim. App. No. 1251

United States Court of Appeals for the Armed Forces

Argued January 8, 2008

Decided February 14, 2008

RYAN, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER, ERDMANN, and STUCKY, JJ., joined.


Counsel

For Appellant:  Lieutenant Commander Necia L. Chambliss (argued); Lieutenant Lynn R. S. Capuano.

For Appellee:  Lieutenant Commander Patrick M. Flynn (argued).

Military Judge:  Steven J. Andersen

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Holbrook, No. 07-0350/CG

Judge RYAN delivered the opinion of the Court.

A special court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of fraudulent enlistment, making a false official statement, damage to military property, reckless driving, use of marijuana, use, introduction, and distribution of cocaine, leaving the scene of an accident, and communicating a threat in violation of Articles 83, 107, 108, 111, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 883, 907, 908, 911, 912a, 934 (2000).  The sentence adjudged by the court-martial included a bad-conduct discharge, confinement for eleven months, and reduction to the lowest enlisted grade.  The convening authority approved the findings and sentence, but agreed to suspend confinement in excess of ten months until the date of Appellant's release from confinement.  The United States Coast Guard Court of Criminal Appeals (CCA) set aside the findings of guilty to the leaving the scene of an accident specification and affirmed the remaining findings of guilty.  United States v. Holbrook, 64 M.J. 553, 558 (C.G. Ct. Crim. App. 2007).  As a remedy for Appellant's failure to receive speedy review of his case, the CCA only approved a reduction in grade to E-2.  Id.

On Appellant's petition, we granted review of:

WHETHER APPELLANT'S PLEA TO FRAUDULENT ENLISTMENT (CHARGE I) WAS IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO ELICIT FACTS SUFFICIENT TO ESTABLISH THAT

2

APPELLANT KNEW HE LIED ABOUT A MATERIAL FACT RELEVANT
TO HIS QUALIFICATIONS FOR ENLISTMENT.[1]

## I. Facts

The specification alleged that Appellant made:

knowingly false representations that he had
experimented with marijuana, a controlled substance,
and that he did not use any other drugs, when in fact,
he used marijuana frequently, used methamphetamines 2
to 3 times a week for 2 months, and spent 2 months in
drug rehabilitation for methamphetamine addiction,
procure himself to be enlisted as a Seamen Recruit in
the Coast Guard Delayed Entry Program, and did
thereafter, receive pay and allowances under the
enlistment so procured.

Appellant stipulated to the above facts, and also that he

executed various enlistment documents, including a

questionnaire, DD Form 1966.  Consistent with the charged

specification, Appellant further stipulated, inter alia, that he

knowingly misrepresented on DD Form 1966 that he had

"experimented with marijuana, but no other drugs."  In fact,

Appellant had used marijuana extensively, had been a heavy user

of methamphetamines, and had spent two months in a drug

rehabilitation facility.  The providence inquiry supported each

of these facts, without contradiction.

## II. Discussion

Appellant argues that his guilty plea to fraudulent

enlistment was nonetheless not provident because the military

judge failed to establish that Appellant knew that the facts he

---

[1] 65 M.J. 323 (C.A.A.F. 2007).

misrepresented were "material" to his enlistment at the time he made them. The question for us is whether that knowledge was necessary for Appellant's plea to have been provident in this case. We hold that it was not.

A.

To reject a guilty plea, the trial record must show "a 'substantial basis' in law and fact for questioning the guilty plea." United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991). Review of the statutory elements required to establish an offense is a question of law we undertake de novo. Cf. United States v. Garcia, 44 M.J. 496, 497 (C.A.A.F. 1996). If Appellant's providence inquiry established the facts necessary to support the elements of the UCMJ offense charged, the plea to that charge is provident. United States v. Faircloth, 45 M.J. 172, 174 (C.A.A.F. 1996).

The text of Article 83, UCMJ, states, inter alia, that "[a]ny person who . . . procures his own enlistment or appointment in the armed forces by knowingly false representation or deliberate concealment as to his qualifications for that enlistment or appointment and receives pay or allowances thereunder . . . shall be punished as a court-martial may direct." The elements of the offense, as listed by the President, are:

(a) That the accused was enlisted . . . in an armed force;

(b) That the accused knowingly misrepresented or deliberately concealed a certain material fact or facts regarding qualifications of the accused for enlistment . . . ;

(c) That the accused's enlistment was obtained or procured by that knowingly false representation or deliberate concealment; and

(d) That under this enlistment . . . that accused received pay or allowances or both.

Manual for Courts-Martial, United States pt. IV, para. 7.b.(1) (2005 ed.) (MCM).

Both the statute and MCM provide that a misrepresentation needs to be knowing, and concealment deliberate. But we see no requirement within either the text of Article 83, UCMJ, or the elements set forth in the MCM that the accused actually know anything other than that his answers to questions regarding his qualifications are untruthful by commission or omission. The question whether a fact is "regarding qualifications" for "enlistment," and "material," is analyzed from the perspective of the service making the decision on the enlistment, not from the perspective of the untruthful applicant.[2] See, e.g., United

---

[2] Of course, not every fact regarding a qualification for enlistment may be material. The President's addition of the adjective "material" in MCM pt. IV, para. 7.b.(1) limits the scope of actionable untruths regarding qualifications for enlistment. In determining whether a statement is material to qualifications for enlistment, we look at what the misrepresentation concealed and what qualities the service

States v. Gaudin, 515 U.S. 506, 512 (1995) (describing materiality under 18 U.S.C. § 1001 as requiring a finding that the accused made a statement to a listener who was attempting to make a decision based on that statement); cf. United States v. Loyd, 7 C.M.R. 453, 454 (N.B.R. 1953) (holding that an Article 83, UCMJ, conviction cannot be sustained unless the government shows that but for the fraudulent statement the accused would not have been permitted to enlist).

No authority supports the contrary argument, which makes criminal liability turn on whether the untruthful applicant to the armed forces knows that the truth might preclude his enlistment. We agree with the lower court that it would be irrational to require that an applicant fully understand the consequences of a truthful statement because it would mean prospective enlistees would need to possess thorough knowledge of the service's enlistment standards and policies prior to applying for and entering active duty. Holbrook, 64 M.J. at 556.

B.

It is undisputed that Appellant's providence inquiry established that he was enlisted in the armed forces, received

---

sought to assess in determining fitness for duty. Gaudin, 515 U.S. at 512. The threshold is low, as a material statement is one that need only have a tendency to influence the decision-making body to which it is addressed. Id. at 509.

pay and allowances, knowingly misrepresented the extent of his preservice drug use, and that such prior drug use is relevant to qualification for enlistment in the Coast Guard -- i.e., material. Appellant's providence inquiry established both every element of an Article 83, UCMJ, offense and the facts alleged in the specification. Any prevarication during the providence inquiry regarding the timing of Appellant's knowledge of the materiality of his misrepresentations did not raise a substantial basis in law and fact for questioning his guilty plea to a violation of Article 83, UCMJ.

## III. Decision

The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.