UNITED STATES, Appellee

v.

Alexander M. WATSON, Private First Class
U.S. Marine Corps, Appellant

No. 11-0523

Crim. App. No. NMCCA 201000263

United States Court of Appeals for the Armed Forces

Argued December 12, 2011

Decided March 20, 2012

ERDMANN, J., delivered the opinion of the court, in which STUCKY
and RYAN, JJ., and EFFRON, S.J., joined.  BAKER, C.J., filed a
separate opinion concurring in the result.

Counsel

For Appellant:  Major Jeffrey R. Liebenguth, USMC (argued).

For Appellee:  Captain Robert E. Eckert Jr., USMC (argued);
Colonel Kurt J. Brubaker, USMC, and Brian K. Keller, Esq. (on
brief); Colonel Louis J. Puleo, USMC.

Military Judge:  P. S. Rubin

**This opinion is subject to revision before final publication.**

United States v. Watson, No. 11-0523/MC

Judge ERDMANN delivered the opinion of the court.

Pursuant to his pleas, Watson was convicted by a military judge sitting alone at a general court-martial of fraudulent enlistment, absence without leave, communicating a threat, possessing a loaded firearm in his vehicle, possessing a weapon with intent to harm, indecent language, and possession of child pornography, in violation of Articles 83, 86, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 883, 886, 934. The convening authority approved the adjudged sentence of confinement for forty-two months, reduction to E-1, forfeiture of all pay and allowances, and a bad-conduct discharge. The United States Navy-Marine Corps Court of Criminal Appeals (CCA) affirmed the findings and sentence. United States v. Watson, No. NMCCA 201000263, 2011 CCA LEXIS 61, at *13, 2011 WL 1127055, at *6, (N-M. Ct. Crim. App. Mar. 29, 2011) (unpublished).

We granted review of this case to determine if an applicant who provides false information when enlisting in the military commits the offense of fraudulent enlistment under Article 83, UCMJ, only when the false information pertains to a matter that would constitute an absolute bar to enlistment. We also granted review of an issue arising under United States v. Fosler, 70 M.J. 225 (C.A.A.F. 2011), as to whether two specifications alleging offenses under Article 134 stated an offense where

2

United States v. Watson, No. 11-0523/MC

neither specification included the terminal elements.[1]  We hold

that an applicant commits the offense of fraudulent enlistment

when he or she provides false information about matters that

would constitute either an absolute bar to enlistment or would

constitute a bar to enlistment without a waiver from the service

branch.  We further hold that the specifications alleging the

offenses of communicating a threat and indecent language under

Article 134, which did not contain the terminal elements,

constituted error, but this error was not prejudicial to

Watson's substantial rights.  United States v. Ballan, 71 M.J.

28, 30 (C.A.A.F. 2012).

## Background

Watson was treated at an inpatient mental health facility

following a suicide attempt when he was thirteen years old.

Four years later, Watson enlisted in the U.S. Marine Corps.  The

Marine Corps has established recruiting standards that bar an

---

[1] We granted review of the following issues:

    I.   Whether Appellant's guilty plea to fraudulent
        enlistment was provident.

    II.  Whether an Article 134 Clause 1 or 2
        specification that fails to expressly allege
        either potential terminal element states an
        offense under the Supreme Court's holdings in
        United States v. Resendiz-Ponce and Russell v.
        United States, and this court's recent opinions
        in Medina, Miller and Jones.

United States v. Watson, 70 M.J. 269 (C.A.A.F. 2011) (order
granting review).  Issue II was granted without briefs.

applicant with a history of psychiatric hospitalization from enlisting unless the service has granted a waiver.  Dep't of the Navy, Marine Corps Order P1100.72C, Military Personnel Procurement Manual, vol. 2, Enlisted Procurement para. 3271 3.f.(7)(c), at 3-84 to -85 (June 18, 2004).  When Watson completed his enlistment paperwork he answered "no" to the question:  "Have you ever been a patient (whether or not formally committed) in any institution primarily devoted to the treatment of mental, emotional, psychological or personality disorders?"  Watson's misrepresentation came to light during the investigation into the other offenses of which he was convicted.

In his stipulation of fact Watson admitted that he intentionally provided false information on the enlistment form. He also stated that he believed this was "important information that could have potentially disqualified [him] from enlisting in the Marine Corps depending on the Doctor's evaluation of [his] mental health," but he did not know if he would have been allowed to enlist had he told the truth.

During his plea colloquy with the military judge, Watson again admitted he intentionally provided false information when he answered "no" to the question about being treated in a mental health facility because he hoped it would help him enlist in the Marines and he assumed answering "yes" would either disqualify him or "severely hinder" his chances of enlisting.  He also

4

United States v. Watson, No. 11-0523/MC

stated he believed the recruiter relied upon the false information Watson provided and that the truth "may have impacted [his] ability to enlist" in the Marines. In affirming the findings and sentence, the CCA stated Watson's deliberate concealment of his mental health history, followed by his enlistment and receipt of pay and allowances, established a sufficient factual and legal basis for the military judge to accept Watson's pleas. Watson, 2011 CCA LEXIS 61, at *8, 2011 WL 1127055, at *3.

## Discussion

While this court generally examines a military judge's decision to accept a guilty plea for abuse of discretion, where the issue appealed involves pure questions of law, we utilize a de novo review. United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008).

## Fraudulent Enlistment Specification

Before this court Watson argues that the offense of fraudulent enlistment pertains only to material matters that constitute an absolute bar to enlistment. Thus, for his guilty plea to be provident he needed to admit that, but for his misrepresentation, his enlistment would have been rejected. Since Watson's misrepresentation concerned a matter that could have been waived by the service -- prior inpatient psychiatric treatment -- he argues that it did not constitute an absolute

5

bar to enlistment and therefore did not meet the criteria for fraudulent enlistment under Article 83.

The Government responds that absent a waiver, the Marine Corps will not enlist those who have resided in a mental health facility. The offense of fraudulent enlistment includes matters that would constitute both an absolute bar to enlistment and a bar subject to waiver at the discretion of the service. Here Watson's deliberate lie about his residence in a mental health facility procured his enlistment. The Government notes that Watson's interpretation of the statute would create an absurd result, where an applicant could lie about his or her qualifications to avoid the waiver process and not be held liable for that fraud.

As noted by the parties, the service appellate courts have reached different interpretations on this issue. In two cases from the 1950s, the Air Force and the Navy Boards of Review interpreted the offense of fraudulent enlistment to apply only to matters that would constitute an absolute bar to enlistment. See United States v. Stevens, 7 C.M.R. 838, 841 (A.F.B.R. 1953); United States v. Loyd, 7 C.M.R. 453, 454 (N.B.R. 1953). In more recent years, however, both the Air Force and the Navy-Marine Corps Courts of Criminal Appeals have ruled that the statute applies to any information that would prevent enlistment, whether it concerns an absolute bar or a bar absent a waiver.

United States v. Watson, No. 11-0523/MC

United States v. Nazario, 56 M.J. 572, 579 (A.F. Ct. Crim. App. 2001), set aside on other grounds by United States v. Nazario, 58 M.J. 19 (2002); United States v. Henry, No. 200200009, 2003 CCA LEXIS 203, at *7-*8, 2003 WL 22068752, at *3 (N-M. Ct. Crim. App. Aug. 26, 2003) (unpublished).

The elements of fraudulent enlistment or appointment, Article 83, UCMJ, are:

> (a)  That the accused was enlisted or appointed in an armed force;
>
> (b) That the accused knowingly misrepresented or deliberately concealed a certain material fact or facts regarding qualifications of the accused for enlistment or appointment;
>
> (c)  That the accused's enlistment or appointment was obtained or procured by that knowingly false representation or deliberate concealment; and
>
> (d)  That under this enlistment or appointment that accused received pay or allowances or both.

Manual for Courts-Martial, United States pt. IV, para. 7.b. (2008 ed.) (MCM). Watson does not challenge that he made a misrepresentation or that the misrepresentation was material. He bases his challenge on subsection (c) and argues that only matters concerning an absolute bar to enlistment can provide a basis for a fraudulent enlistment charge and for his plea to be provident he had to admit that his misrepresentation pertained to a matter that constituted an absolute bar to enlistment. Watson also asserts that because we do not know whether the Marine Corps would have issued a waiver to the regulatory

7

absolute bar to enlistment -- his inpatient psychiatric care -- we cannot know and the government cannot assert that the enlistment "was" so obtained.

"[W]hen the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (quoting United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989) (citation and quotation marks omitted).  The plain language of Article 83 states that an accused must make a "knowingly false representation or deliberate concealment as to his qualifications."  Based on this language we agree with the Air Force Court of Criminal Appeals' analysis when they addressed this issue in United States v. Nazario, 56 M.J. at 579:

> We reject the appellant's contention that the false representation must have concerned a matter that would absolutely bar him from the service.  To accept the appellant's view would be contrary to the plain language of the statute.  An accused violates Article 83 by providing false information about a matter that would preclude him from entry without the service waiving the disqualification.

Article 83 applies to a misrepresentation about any disqualifying factors for enlistment, whether established by statute or service regulation.  See MCM pt. IV, para. 7.c.(1).  It is not necessary that the applicant know that the truth would bar his enlistment, whether absolutely or absent a waiver.

Neither is it necessary that we know what the ultimate result of the waiver process would have been.  It is sufficient that the applicant knows "that his answers to questions regarding his qualifications are untruthful by commission or omission." United States v. Holbrook, 66 M.J. 31, 33 (C.A.A.F. 2008).

By deliberately concealing his inpatient psychiatric treatment from the recruiter, Watson prevented the service from determining whether it would waive the bar to enlistment.  Since the Marine Corps had no way of evaluating whether it would grant Watson a waiver due to his concealment of the admittedly material information, Watson's inpatient psychiatric treatment remained a bar to his enlistment.  Therefore his conduct satisfied the elements of Article 83 and the military judge did not abuse his discretion in accepting his guilty plea.

Watson also argues that, even if this court finds his conduct met the elements of Article 83, his plea was still improvident because the military judge failed to resolve inconsistencies in Watson's admissions during the plea colloquy. In his stipulation of fact, Watson stated that at the time he signed the stipulation he believed the information regarding his psychiatric treatment history was a waivable disqualification, but in a later paragraph stated that it "could have potentially

disqualified" him from enlisting.[2]  During the plea colloquy

itself, Watson stated he "assumed at the time [of his

enlistment] that it would be a disqualifying factor or a factor

that would severely hinder [his] chances of joining the

Marines."  Later the military judge asked Watson if he believed

that his psychiatric treatment history "may have impacted [his]

ability to enlist in the United States Marine Corps," to which

Watson answered that he did.

     This court must find "a substantial conflict between the

plea and the accused's statements or other evidence" in order to

set aside a guilty plea.  The "mere possibility" of a conflict

is not sufficient.  United States v. Garcia, 44 M.J. 496, 498

(C.A.A.F. 1996).  Nothing in Watson's stipulation of fact or

plea colloquy constitutes a substantial conflict; therefore the

military judge did not abuse his discretion when he accepted the

plea without making further inquiries.

The Fosler Issue

     The second granted issue in this case involves two Article

134 specifications, Specification 1 of Charge IV, communicating

a threat, and Specification 6 of Charge IV, indecent language,

neither of which alleged the terminal element.  In Fosler, a

contested case, we held that where the specification failed to

---

[2] Of course, no one at this juncture of the proceedings knows whether the Marine Corps would have waived the bar to enlistment had it been disclosed at the time of enlistment.

United States v. Watson, No. 11-0523/MC

allege the terminal element under Article 134, the specification failed to state an offense and we dismissed the specification. 70 M.J. at 233. However, Fosler did not involve a guilty plea and until recently we had not addressed the failure to allege the terminal element in an Article 134 specification where the appellant was convicted on the basis of his guilty pleas. Ballan, 71 M.J. at 34 (stating "Fosler . . . . did not address . . . the ramifications of a guilty plea in the unique context of the military justice system").

In Ballan, this court held that:

> while it is error to fail to allege the terminal element of Article 134, UCMJ, expressly or by necessary implication, in the context of a guilty plea, where the error is alleged for the first time on appeal, whether there is a remedy for the error will depend on whether the error has prejudiced the substantial rights of the accused.

Id. at 30. We also held that where the military judge described clauses 1 and 2 of Article 134 for each specification during the plea colloquy and where the record "conspicuously reflect[s] that the accused clearly understood the nature of the prohibited conduct as being in violation of clause 1 [or] clause 2, Article 134" there was no prejudice to a substantial right. Id. at 35 (quoting United States v. Medina, 66 M.J. 21, 28 (C.A.A.F. 2008) (quotation marks omitted) (brackets in original).

Watson admitted in his stipulation of fact that his conduct in each incident was service discrediting. He then entered into

11

a pretrial agreement and pled guilty to the charges.  The military judge described the clause 1 and 2 terminal elements during the plea colloquy and asked Watson whether he believed his conduct was either service discrediting or prejudicial to good order and discipline in the Armed Forces.  Watson specifically explained why his conduct was service discrediting as to both specifications.  Therefore while the failure to allege the terminal elements in the specification was error, under the facts of this case the error was insufficient to show prejudice to a substantial right.  Ballan, 71 M.J. at 36.

## Conclusion

We conclude that the military judge did not abuse his discretion when he accepted Watson's guilty plea to the Article 83 offense of fraudulent enlistment.  We further conclude that any error committed by the military judge in accepting Watson's guilty pleas to the defective Article 134 specifications was not prejudicial to Watson's substantial rights.  The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

United States v. Watson, No. 11-0523/MC

BAKER, Chief Judge (concurring in the result):

I concur in the Court's analysis of Issue I.  With respect to Issue II, I concur in the result, adhering to my position in United States v. Fosler, 70 M.J. 225, 240 (C.A.A.F. 2011) (Baker, J., dissenting); United States v. Ballan, 71 M.J. 28, 36 (C.A.A.F. 2012) (Baker, C.J., concurring in the result).