# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, and MAGGS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CARL L. WILSON**
**United States Army, Appellant**

ARMY 20110969

Headquarters, III Corps and Fort Hood
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Colonel Edye U. Moran, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Major Catherine L. Brantley, JA; Captain Edward J. Whitford, JA (on brief).

29 May 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

MAGGS, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of six specifications of absence without leave, two specifications of violating a lawful general regulation, two specifications of wrongful use of marijuana, and one specification of larceny of property of a value over $500.00, in violation of Articles 86, 92, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a, 921 (2008) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for five months, forfeiture of $900.00 pay per month for five months, and reduction to the grade of E-1.

This case is before this court pursuant to Article 66, UCMJ.  Appellant's sole assignment of error is that the military judge erred by accepting appellant's plea of guilty to the larceny specification listed above.  For the reasons described below, we agree appellant's plea of guilty should not have been accepted without further

inquiry by the military judge because appellant made inconsistent statements about whether the stolen property was of a value greater than $500.00. We affirm the findings and sentence, but only by exceptions and substitutions to the Specification of Charge IV.

## BACKGROUND

The Specification of Charge IV accused appellant of stealing a video game console and various identified accessories totaling a value of more than $500.00 in violation of Article 121, UCMJ. During the providence inquiry, appellant informed the military judge that another soldier left the items with him while she performed temporary duty at another location. Appellant unequivocally admitted that, acting without authority, he took the items and sold them to a pawn shop for $75.00. But appellant's statements regarding the value of the property were inconsistent. When asked about "the value of the property," he initially said the value "was over 500 dollars." Then after appellant explained how he had sold the property, the military judge asked, "[w]hat was the actual value of the property?" Appellant answered, "[i]t was over 300—about 350—350 dollars, sir." The military judge later asked, "So essentially you sold over 500 dollars worth of property for 75 dollars?" Appellant answered, "Yes, sir." Shortly afterward, appellant explained that he had been present when the victim of his theft had originally purchased the property for "around 550 dollars." The military judge did not ask appellant to explain the discrepancy between the $350.00 and $550.00 values that appellant placed on the property. The stipulation of fact merely states appellant is guilty of the specification as charged and fails to resolve this issue.

## LAW AND DISCUSSION

A guilty plea is not provident if there is "a substantial conflict between the plea and the accused's statements or other evidence." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996). In such a case, a military judge abuses his or her discretion by accepting the guilty plea without making further inquiries regarding the conflict. *See United States v. Watson*, 71 M.J. 54, 58 (C.A.A.F. 2012).

In this case, as described above, appellant's statements created a substantial conflict about whether the stolen property was worth more or less than $500.00 at the time of the larceny. The difference in value is significant because the specification at issue alleged the property was worth more than $500.00, thereby increasing the maximum punishment from six months confinement to five years confinement or, in this case, to the twelve month jurisdictional limitation of the court. *Compare Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*] pt. IV, ¶ 46.e.(1)(b), *with MCM,* pt. IV, ¶ 46.e.(1)(d).

The government suggests that when appellant said the goods were worth only $350.00, he was not talking about the value of the items in a legitimate market but instead was referring to a discounted value in the context of selling stolen items quickly. The government further argues this explanation eliminates any conflict between the plea and appellant's statement because the proper measure of the value of stolen property for the purpose of Article 121, UCMJ, is the property's "legitimate market value at the time and place of the theft." *MCM,* pt. IV, ¶ 46.g.(1)(i).

We cannot discern from the record whether the government's interpretation of what appellant meant is correct. On the contrary, we conclude that based on what appellant said, the military judge should have made further inquiries to resolve the substantial conflict about the value of the stolen property. Under these circumstances, accepting the plea of guilty to the specification as written was an abuse of discretion. As we have done in similar cases in which the value of stolen property is not established, we can affirm the finding of guilty to the specification only with exceptions and substitutions. *See United States v. Harding*, 61 M.J. 526, 529-530 (Army Ct Crim. App. 2005); *United States v. Sibley*, ARMY 20080037, 2008 WL 8104050 (Army Ct. Crim. App. 29 Aug. 2008) (summ. disp.). Specifically, we affirm with exception to the words and figures "of a value exceeding $500.00," and substitute therefor the words "of some value."

## CONCLUSION

The court amends and affirms only so much of the finding of guilty of the Specification of Charge IV as finds that:

> In that SPC Carl L. Wilson, U.S. Army, did, at or near
> Fort Hood, Texas, on or about 18 May 2011, steal a Sony
> Playstation 3 (PS3) with accessories to wit: PS3 console,
> two PS3 controllers, two charging cables, one MMA game,
> one Medal of Honor game, power cords, audio cords,
> standard HD cord, all of some value, all the property of
> Private First Class (E3) C.Q.S.

The remaining findings of guilty are AFFIRMED.

This case involves very substantial misconduct in addition to the larceny of the game console. Reassessing the sentence on the basis of the modified finding, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the sentence as approved by the convening authority is AFFIRMED.

3

WILSON—ARMY 20110969

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4