# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, LIND, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class ANSEL R. MANNING**
**United States Army, Appellant**

ARMY 20130142

Headquarters, 82d Airborne Division
Kirsten V.C. Brunson, Military Judge
Lieutenant Colonel John N. Ohlweiler, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Robert N. Michaels, JA; Captain
Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Captain
Janae M. Lepir, JA; Captain Carrie L. Ward, JA (on brief).

6 January 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant,
pursuant to his pleas, of two specifications of attempted sale of military property
without proper authority, one specification of false official statement, eight
specifications of selling military property without proper authority, three
specifications of stealing military property, and one specification of knowingly
receiving stolen property, in violation of Articles 80, 107, 108, 121, and 134,
Uniform Code of Military Justice, 10 U.S.C. §§ 880, 907, 908, 921, 934 (2006)
[hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct
discharge, confinement for fifteen months, forfeiture of all pay and allowances, and
reduction to the grade of E-1. The convening authority approved thirteen months
confinement and the remainder of the sentence.[1]

---

[1] The convening authority deferred automatic and adjudged forfeitures until action.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant's sole assignment of error warrants brief discussion and relief.  Appellant's personal submissions made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not warrant relief.[2]

Among many other offenses, appellant pleaded guilty to stealing "greater than 10" rail adapter systems designed for M4 carbines.  The stipulation of fact in this case states appellant wrongfully took more than ten rail adaptor systems by placing them in his personal items.  However, during the providence inquiry, appellant stated that he only took ten rail adaptor systems.

A guilty plea is not provident if there is "a substantial conflict between the plea and the accused's statements or other evidence." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996).  In such a case, a military judge abuses his or her discretion by accepting the guilty plea without making further inquiries regarding the conflict. *See United States v. Watson*, 71 M.J. 54, 58 (C.A.A.F. 2012).  Here, the military judge did not resolve the inconsistency as to how many rail adapter systems appellant stole.  The government concedes that appellant providently pleaded guilty to stealing ten rail adapter systems.  Upon review of the providence inquiry, we accept the concession.

## CONCLUSION

Upon consideration of the entire record, this court affirms only so much of Specification 4 of Charge IV as follows:

> In that [appellant] U.S. Army, did, at or near FOB Sykes, Iraq, on or about 15 February 2010, steal 10 Knights Armament M4 Rail Adapter Systems, military property, of a value greater than $500, property of the United States.

The remaining findings of guilty are AFFIRMED.  The principles announced in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), weigh in favor of reassessing and affirming the sentence.  In particular, the gravamen of appellant's criminal conduct is unchanged and appellant was sentenced by a military judge alone.  The sentence is AFFIRMED.

---

[2] Appellant's personal submissions note an error in the promulgating order, which we will correct.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court