# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. MCFARLANE, M.C. HOLIFIELD**
**Appellate Military Judges**

## UNITED STATES OF AMERICA

v.

## MARC A. SEALS
## LIEUTENANT (O-3), U.S. NAVY

## NMCCA 201300367
## GENERAL COURT-MARTIAL

**Sentence Adjudged:** 21 May 2013.
**Military Judge:** CAPT D. Jacques Smith, JAGC, USN.
**Convening Authority:** Commander, Walter Reed National
Military Medical Center, Bethesda, MD.
**Staff Judge Advocate's Recommendation:** LT Molly A.
Dennison, JAGC, USN.
**For Appellant:** Col Terri Zimmerman, USMCR.
**For Appellee:** Maj Paul Ervasti, USMC; Maj Suzanne Dempsey,
USMC.

**29 January 2015**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial
convicted the appellant, in accordance with his pleas, of five
specifications[1] of conduct unbecoming of an officer and a
gentleman by knowingly possessing images of child pornography in

---

[1] Although the appellant pleaded guilty to a sixth specification (listed on
the Charge Sheet as Specification 2 of the sole charge), the military judge
found that it failed to state an offense and dismissed it. Record at 60.

violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933. The appellant was sentenced to confinement for two years and a dismissal from the naval service. The convening authority suspended all confinement in excess of 60 days pursuant to the terms of the pretrial agreement, but otherwise approved the sentence as adjudged and, except for the dismissal, ordered it executed.

The appellant now avers: (1) that his guilty pleas were improvident; (2) that charging him with six specifications of misconduct represented an unreasonable multiplication of charges; and, (3) that the search of two of the appellant's computers violated his Fourth Amendment rights rendering the images found on them inadmissible.[2]

After careful examination of the record of trial and the pleadings of the parties, we are satisfied that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellate occurred. Arts. 59(a) and 66(c), UCMJ.

## Background

In March 2010, ES, the appellant's wife at the time, contacted the Anne Arundel (Maryland) Police Department and informed them that she found several images of child pornography on two of her husband's computers. She subsequently turned over the two computers to the authorities. ES also informed the detective investigating the allegation that the appellant was on deployment with the Haiti Relief Project and that he had in his possession an iPod, a laptop computer, and a digital camera all capable of storing videos and images as well. A search warrant was executed and those items were seized and searched as well. The two computers turned over to the authorities by ES contained child pornography. Additional relevant facts are further developed below.

## Providence of Guilty Pleas

In his initial assignment of error, the appellant contends that his pleas were not provident because: (1) there was no evidence that all the images possessed by the appellant depict minors; (2) his possession of child pornography was not knowing;

---

[2] The second and third assignments of error were submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

and, (3) he did not fully understand the ramifications of his guilty plea.

## Standard of Review

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citations and internal quotation marks omitted). We will not disturb a guilty plea unless the record of trial shows a substantial basis in law or fact for questioning the guilty plea. *Id.* To prevent the acceptance of improvident pleas, the military judge is required to develop, on the record, the factual bases for "the acts or the omissions of the accused [that] constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969) (citations omitted); *see also* Art. 45, UCMJ. The appellant must admit every element of the offense to which he pleads guilty. *United States v. Aleman*, 62 M.J. 281, 283 (C.A.A.F. 2006); *see also* RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). If the military judge fails to establish that there is an adequate basis in law or fact to support the appellant's plea during the *Care* inquiry, the plea will be improvident. *Inabinette*, 66 M.J. at 322; *see also* R.C.M. 910(e). This court "must find 'a substantial conflict between the plea and the [appellant's] statements or other evidence' in order to set aside a guilty plea. The 'mere possibility' of a conflict is not sufficient." *United States v. Watson*, 71 M.J. 54, 58 (C.A.A.F. 2012) (quoting *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996)). "In determining on appeal whether there is a substantial inconsistency, this Court considers the 'full context' of the plea inquiry, including Appellant's stipulation of fact." *United States v. Goodman*, 70 M.J. 396, 399 (C.A.A.F. 2011) (citing *United States v. Smauley*, 42 M.J. 449, 452 (C.A.A.F. 1995)).

## Analysis and Discussion

The appellant first challenges the providence of his pleas by contending that there is no evidence that all of the images depicted minors. In his brief, the appellant seems to suggest that since there was only one image matched to a child as documented by the National Center for Missing and Exploited Children (NCMEC), the other images of nude or scantily-clad underage children in sexually

3

provocative and other inappropriate positions cannot be considered as child pornography.  The appellant further avers that because all of these images cannot be considered as child pornography, we cannot know which images the judge considered in forming the factual predicate necessary to accept his guilty plea.

First, we summarily dismiss the appellant's contention that there is no evidence that many of the images depicted on Prosecution Exhibit 3 contained child pornography merely because the children shown in the images are not listed by the NCMEC.  The military judge reviewed the images contained on PE-3 and determined, with the exception of one of the five images pertaining to Specification 6, that these images met the definition of child pornography as defined by 18 U.S.C. § 2256.  Record at 59.  After thoroughly reviewing the record, to include the images contained on PE-3, we do not find a substantial basis in law or fact to question the guilty plea.  *Inabinette*, 66 M.J. at 322*.*  Accordingly, we find this aspect of the appellant's argument to be without merit.

The appellant next contends that his pleas were improvident because his possession of child pornography was not knowing and conscious.  Specifically, he contends, for the first time, that all of the images containing child pornography were located in his temporary internet files that are not accessible to the average user.  He additionally, and also for the first time, avers that he did not actually understand that his browser could save images from websites automatically to his hard drive without taking any action to accomplish this.  Appellant's Brief of 4 Apr 2014 at 8.  This contention is in direct contravention of the sworn statements the appellant presented to the military judge during his providence inquiry.

In order for the military judge to accept the appellant's plea of guilty to conduct unbecoming an officer and a gentleman, as provided on the charge sheet, the appellant had to admit that (1) he possessed child pornography as defined by 18 U.S.C. § 2256 and (2) that such conduct was unbecoming an officer and a gentleman.  After the military judge explained the elements and definitions associated with the charge and specifications to which the appellant was pleading guilty, he asked the appellant if he received and possessed images of child

4

pornography.  Record at 42.  Starting with Specification 1, the appellant stated:

> Prior to and during this charge time frame, I regularly viewed pornography on the internet.  I would often view pornography on sites where the majority of images were of teens, that is females ranging from 18 to 20-years old.  On more than one occasion, prior to and during the charge time frame I came across images I believe could constitute child pornography.  I knew the images were child pornography because of the apparent age, size, and state of physical development of the individuals in the photographs.  While I was not intentionally looking for child pornography, I did knowingly possess it.  **I know and knew at the time when I viewed an image on the internet it could be stored in my temporary internet files where it could be accessed by me or another user later.**  Once these images ended up on the computer, I knowingly possessed them for as long as I possessed the computer.  My possession was wrongful.  If I had come across one image on a site and called law enforcement or at least immediately stopped going to that particular site, I believe my possession may not have been wrongful.  However, I continued to go to these sites knowing there was a very real possibility I would continue to encounter child pornography.  In fact, I encountered it on several of these sites and, therefore, possessed it on several additional occasions.  I have no legal justification or excuse for possessing these pictures.  My conduct was unbecoming of an Officer and a gentleman.[3]

Record at 42-43 (emphasis added).  When further questioned by the military judge, the appellant admitted that the images contained "minors engaged in sexually explicit misconduct".  *Id* at 50.

Based primarily on the admissions the appellant made during the providence inquiry, we find nothing in the record that would

---

[3] Although he did not give a similar statement when questioned regarding Specifications 2-6, the appellant did however state it was the same conduct as he stated in Specification 1 with the exception that the misconduct took place in Pasadena, Maryland.  Record at 44-48.

give us cause to disturb the appellant's guilty pleas and we thus find this contention to be without merit as well.[4]

The appellant lastly contends that his pleas were improvident because he did not fully understand the consequences of the plea or what rights he gave up by pleading guilty, and did not fully understand the legal principles that might have provided a viable defense to the charge. Appellant's Brief at 13. The record reflects otherwise.

The military judge went over all of the rights the appellant was relinquishing by pleading guilty, to include the right to a trial by the court and the potential impact of sexual offender registration laws, and the appellant indicated that he understood them. Record at 24, 26. The appellant additionally stated that he had enough time to discuss his case with counsel and that he believed that their advice was in his best interest. *Id*. at 26.

We find no substantial basis in law of fact to question the appellant's pleas. Watson, 71 M.J. at 58. Accordingly, we find that the military judge did not abuse his discretion by accepting the appellant's pleas of guilty to the charge and corresponding specifications.

The appellant's remaining assignments of error alleging unreasonable multiplication of charges and unlawful search have been considered and are without merit. *United States v. Clifton,* 35 M.J. 79 (C.M.A 1992).

---

[4] The appellant argues that the Court of Appeals for the Armed Forces (CAAF) decision in *United States v. Navrestad*, 66 M.J. 262 (C.A.A.F. 2008) is controlling in the case at bar. In *Navrestad*, the CAAF set aside a conviction for possession and distribution of child pornography when that appellant used a computer at an internet café to view child pornography. Citing the definition in the Manual, that "'[p]osse[sion] means to exercise control of something'", the court held that the appellant's action in that case went no further than just viewing the images. *Id*. at 267 (quoting Manual for Courts-Martial, United States), Part IV, ¶ 37c(2) (2005 ed.)). The court concluded that the appellant did not exercise sufficient dominion and control over the images to constitute possession. *Id*. Critical in the CAAF's decision was the fact that: (1) the record did not reflect that the appellant was aware that the images were being automatically saved to the hard drive; and (2) the appellant did not have access to that hard drive and could not download them to a portable storage device. Such is not the same in the case at bar as the appellant admitted during the providence inquiry that he knew the images were being saved to his temporary internet files and that he exercised dominion and control over the computer. The appellant's reliance on *Navrestad* is misplaced.

**Conclusion**

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court