# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32771**

————————————

**UNITED STATES**
*Appellee*

v.

**Ann R. MARIN PEREZ**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 13 June 2025

————————————

*Military Judge*: Charles E. Wiedie Jr.

*Sentence*: Sentence adjudged 18 December 2023 by SpCM convened at Kent County Courthouse in Dover, Delaware. Sentence entered by military judge on 22 January 2024: Bad-conduct discharge, confinement for 4 months, and reduction to E-1.

*For Appellant*: Captain Samantha M. Castanien, USAF.

*For Appellee*: Lieutenant Colonel Jenny A. Liabenow, USAF; Major Morgan L. Brewington, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, DOUGLAS, and PERCLE, *Appellate Military Judges*.

Senior Judge ANNEXSTAD delivered the opinion of the court, in which Judge DOUGLAS and Judge PERCLE joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Senior Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with her pleas and pursuant to a plea agreement, of one specification of larceny, in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1. The convening authority took no action on the findings or the sentence.[2]

Appellant raises two issues on appeal which we have rephrased: (1) whether Appellant's plea to larceny was provident, and (2) whether Appellant's sentence is appropriate. We address the issues together.

As discussed below, we find error and affirm the findings as modified and the sentence as reassessed.

## I. BACKGROUND

Appellant enlisted in the Air Force in 2017, and at the time of her court-martial was a 32-year-old staff sergeant assigned to the logistics readiness squadron at Dover Air Force Base, Delaware.

Sometime between December 2022 and March 2023, Appellant sought off-duty employment at a local house cleaning company. As a part of her employment, Appellant cleaned the residence of Ms. NM every two weeks over the course of a few months. On at least one occasion while Appellant was cleaning Ms. NM's bedroom, Appellant wrongfully took several pieces of jewelry from a jewelry box on Ms. NM's dresser. Subsequently, Appellant sold the jewelry to multiple local pawn shops. On 11 March 2023, Ms. NM noticed that she was missing numerous pieces of jewelry and reported the theft to the Delaware State Police (DSP). The DSP investigation established that Appellant had sold Ms. NM's jewelry to local pawn shops. Appellant was later interviewed by DSP investigators and, after waiving her rights, confessed to stealing Ms. NM's jewelry.

Appellant was charged and pleaded guilty to one specification of larceny in violation of Article 121, UCMJ. The specification alleged that Appellant stole "jewelry of a value of about $21,300.00," from Ms. NM.

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] On 3 January 2024, the convening authority waived all automatic forfeitures until Appellant was released from confinement or her expiration of service for the benefit of her spouse and children.

Prior to trial, with the assistance of counsel, Appellant entered into a plea agreement with the convening authority, where Appellant agreed to plead guilty to the charge and specification in exchange for limitations on her sentence. Appellant also agreed, as part of the plea agreement, to enter into a reasonable stipulation of fact concerning the facts and circumstances surrounding the charged offense. Specifically concerning the value of the jewelry, Appellant expressly agreed that the stolen jewelry was appraised by a local expert, Mr. DL, at a value of $21,300.00.

During the plea colloquy, the military judge had the following exchange with Appellant regarding the value of the stolen jewelry:

> [Military Judge (MJ)]: Okay. And I understand that you — when you pawned it you received $1,650[.00], but within the stipulation of fact there is an appraisal that was done by someone who is a professional of appraising jewelry and he lists the value of the property at $21,300[.00]. Have you had an opportunity to kind of look at that appraisal and discuss that appraisal with your defense counsel?
>
> [Appellant]: Yes, Your Honor.
>
> MJ: And based upon your discussions with defense counsel and having an opportunity to review that evidence, are you confident that that is the value of the property that you took?
>
> [Trial Defense Counsel]: May we have a moment, Your Honor?
>
> MJ: And I realize you don't have any personal knowledge but, you know, just — knowing that this individual's professional — do you have confidence in that appraisal that — that that was the value of the property? So, you can just talk with your defense counsel.
>
> [The [Appellant] consulted with her defense counsel.]
>
> [Appellant]: Yes, Your Honor.
>
> MJ: So, just to make sure because there was a little bit of a break there, you — based upon — again, you don't have personal knowledge, but based upon reviewing the evidence and discussing with your defense counsel, you are confident that the value of the property was about $21,300[.00]?
>
> [Appellant]: Yes, Your Honor.

Once finished, before entering any findings, the military judge stated to Appellant, "Now, I want you to take a moment now and consult again with your defense counsel, and after you've done so let me know whether you still

want to plead guilty." Appellant consulted with her trial defense counsel and then reassured the military judge that she still desired to plead guilty. The military judge then entered findings concerning providence and found Appellant guilty of the charge and its sole specification as drafted.

## II. DISCUSSION

On appeal, Appellant now contends that her guilty plea to larceny was not provident. Specifically, Appellant argues that there was a substantial question regarding Appellant's plea that was left unresolved—whether the value of the property was "about $21,300.00" as charged. Appellant asks that we set aside the findings and sentence. As explained below, we affirm the finding of guilty to the specification with exceptions and substitutions and reassess the sentence.

## A. Additional Background

During presentencing, the Defense introduced evidence, which included a Defense Exhibit N, a memorandum dated 16 December 2023, prepared by Mr. DL, the same jeweler who conducted the appraisal of Ms. NM's jewelry identified in, and attached to, the stipulation of fact. The memorandum provided, in relevant part:

> The appraised value of each of the pieces of jewelry does not reflect the exact cost of how much each piece of jewelry would be listed and sold for on the market today. Instead, the appraised value combines several insurance factors and doubles the proposed value of the jewelry to reflect inflation and other factors. As such, the appraised value listed for each of the items has been inflated and the actual value of each of the pieces is less. Therefore, although combined the total appraised value in my report is $21,300[.00], I can confidently tell all parties that there is an argument to be made that the jewelry is not worth that much and the value is less.

Before hearing sentencing arguments, the military judge, *sua sponte,* reopened the plea inquiry based on concerns he had that the statements made by Mr. DL on 16 December 2023 seemed to undermine the value of the stolen jewelry. The following discussion took place:

> MJ: There's one — before we go to sentencing argument, there's one other additional matter I wanted to address and that has to do with the value of property and I raised this question for myself based upon what the [D]efense has admitted as Defense Exhibit N, which is the memorandum from Mr. [DL's] evaluation of the jewelry and it raises some question on the issue, I mean,

4

he stands by his appraisal and he explains what goes into the appraisal and doesn't say specifically what the current market value would be. Says that there is some inflation that goes into evaluation and that — it's a little — it's a little wish-washy.

So, I can confidently tell you that there's an argument to be made that the property may be worth less. Not that it is worth less, but there's an argument to be made and so there is some on that. The [G]overnment — and the [G]overnment has charged it as a value of about $21,300[.00] so it doesn't have to be exactly $21,300[.00] and the court has information indicating [inaudible] is not $21,300[.00] but is not clear asking what the exact dollar amount is. So there is a little bit of confusion on that issue. So I kind of wanted to address that.

Let me ask you first, [Appellant], are you confident, based upon your discussion with counsel, reviewing the evidence in this case, that the value of the property was at least $1000 or greater?

[Appellant]: Yes, sir.

MJ: So that's the statutory as far the breakdown in the military. It's less than a $1000 or — a $1000 or less or more than $1000, and so I may not have asked the questions though. So you agree that it's more than $1000 in price?

[Appellant]: Yes, Your Honor.

MJ: And so that satisfies that the charge about, again, the court has information that says we don't know that's exactly what it was but the [G]overnment charged you about amount as opposed to the exact amount. And I don't have enough — the letter doesn't provide any amount as to what may be otherwise be legitimate argument [would be for someone] [inaudible]. So, I think given that in order to plead provident, you don't have to plead to an offense of more than $1000 and there is evidence that the property has value of $21,300[.00] or that there could be some question, but again, with the about amount, I think that the plea is still provident based upon that but I just wanted to check.

Both Government and Defense confirmed that they did not think any further discussion was warranted. The military judge then confirmed again that Appellant's trial defense counsel was satisfied that Appellant's guilty plea was provident. The military judge then asked Appellant, "[A]re you — you still want to stay with your plea?" To which Appellant answered, "Yes, Your Honor."

**B. Law**

We review a military judge's decision to accept an accused's guilty plea for an abuse of discretion. *United States v. Riley*, 72 M.J. 115, 119 (C.A.A.F. 2013). "An abuse of discretion occurs when there is 'something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea.'" *Id.* (quoting *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)).

"The military judge must ensure there is a basis in law and fact to support the plea to the offense charged." *United States v. Soto*, 69 M.J. 304, 307 (C.A.A.F. 2011) (citing *Inabinette*, 66 M.J. at 321–22) (additional citation omitted). The military judge may consider both the stipulation of fact and the inquiry with the appellant when determining if the guilty plea is provident. *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (citation omitted). "A plea is provident so long as [the a]ppellant was 'convinced of, and [was] able to describe, all of the facts necessary to establish [his] guilt.'" *United States v. Murphy*, 74 M.J. 302, 308 (C.A.A.F. 2015) (second and third alterations in original) (quoting *United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F. 2003)). "This court must find 'a substantial conflict between the plea and the accused's statements or other evidence' in order to set aside a guilty plea. The 'mere possibility' of a conflict is not sufficient." *United States v. Watson*, 71 M.J. 54, 58 (C.A.A.F. 2012) (quoting *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996)).

The elements of the offense to which Appellant pleaded guilty are: (1) that Appellant wrongfully took certain property from the possession of the owner; (2) that the property belonged to a certain person; (3) that the property was of a certain value, or of some value; and (4) that the taking by Appellant was with the intent permanently to deprive another person of the use and benefit of the property or permanently to appropriate the property for her own use or the use of someone other than the owner. *Manual for Courts-Martial, United States* (2019 ed.) (*MCM*), pt. IV, ¶ 64.b.(1).

"Value is a question of fact to be determined on the basis of all of the evidence admitted." *MCM*, pt. IV, ¶ 64.c.(1)(g)(i). The value of stolen property, other than government property, "is its legitimate market value at the time and place of the theft." *MCM*, pt. IV, ¶ 64.c.(1)(g)(iii). "If as a matter of common knowledge the property is obviously of a value substantially in excess of $1,000, the court-martial may find a value of more than $1,000." *Id.*

The maximum punishment for property other than military property of a value of more than $1,000 is a dishonorable discharge, forfeiture of all pay and allowances, and confinement for five years. *MCM*, pt. IV, ¶ 64.d.(1)(c).

**C. Analysis**

We agree with Appellant that there is a substantial basis to question whether the value of the stolen property was "about $21,300.00" as charged. To that extent, we find the military judge erred in accepting Appellant's plea to the specification as drafted. After the military judge reopened the providence inquiry following the introduction of Defense Exhibit N, he shifted his focus to establishing: (1) the jewelry was at least valued at more than $1,000.00; and (2) that Appellant desired to continue to plead guilty to the charged offense. We also note that both government and trial defense counsel did not argue that Defense Exhibit N called into question the providence of Appellant's plea. That said, it is questionable to this court whether the military judge ever resolved whether there was an inconsistency between Appellant's guilty plea and the information contained in Defense Exhibit N as to the value of the stolen jewelry.

To remedy this error, Appellant asks this court to set aside the findings and sentence. However, we find that remedy unwarranted. We conclude that based on the record before us, we can affirm the finding of guilty to the specification by exceptions and substitutions. *See United States v. English,* 79 M.J. 166, 122 n.5 (C.A.A.F. 2019) (Courts of Criminal Appeals (CCA) may affirm a conviction by exceptions and substitutions when it narrows the finding on appeal); *United States v. Hale*, 77 M.J. 598, 607 (A.F. Ct. Crim. App. 2018), *aff'd*, 78 M.J. 268 (C.A.A.F. 2019) (Article 66(d), UCMJ, 10 U.S.C. § 866(d), provides service CCAs the authority to make exceptions and substitutions to the findings on appeal, "so long as [they] do not amend a finding on a theory not presented to the trier of fact" (citations omitted)). Here, the record establishes that following the admission of Defense Exhibit N, Appellant's intention to continue with her plea of guilty remained. The record also establishes that under any scenario presented during Appellant's guilty plea that the value of the stolen jewelry was substantially in excess of $1,000.00. Additionally, the military judge confirmed this fact with Appellant when he reopened the providence inquiry. Therefore, we affirm the findings here by excepting the words and figures "about $21,300.00" and substituting therefor the words "more than $1,000.00."

To be clear, we amend and affirm only so much of the finding of guilty of the lone specification as finds that:

> In that STAFF SERGEANT ANN R. MARIN PEREZ, 436th Logistics Readiness Squadron, Dover Air Force Base, Delaware, did, within the continental United States, between on or about 24 February 2023 and on or about 11 March 2023, steal jewelry, of a value of more than $1,000.00, the property of [NM].

As a final matter, we consider the need to reassess Appellant's sentence after having modified the finding of which Appellant was convicted. This court has "broad discretion" first to decide whether to reassess a sentence, and then to arrive at a reassessed sentence. *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013). We may reassess a sentence only if able to reliably determine that, absent the error, the sentence would have been "at least of a certain magnitude." *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000) (citing *United States v. Jones*, 39 M.J. 315, 317 (C.M.A. 1994)).

Our review is guided by the following factors: (1) whether there has been a dramatic change in the penalty landscape or exposure; (2) whether sentencing was by members or a military judge alone; (3) whether the nature of the remaining offenses captures the gravamen of criminal conduct included within the original offenses and whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses; and (4) whether the remaining offenses are of the type with which appellate judges should have the experience and familiarity to reliably determine what sentence would have been imposed at trial. *Winckelmann*, 73 M.J. at 15–16. These factors are "illustrative, but not dispositive, points of analysis" to be considered as part of "the totality of the circumstances presented." *Id.* at 15.

Applying these principles to the totality of the circumstances, we are confident we can reassess Appellant's sentence. Given the nature of Appellant's remaining conviction, we are confident that Appellant would have received the same sentence: a sentence of at least a bad-conduct discharge, confinement for 4 months, and reduction to E-1.

## III. CONCLUSION

We affirm the findings of guilty to the Charge and its Specification, by excepting the words and figures "about $21,300.00," and substituting therefor the words "more than $1,000.00." The findings, as modified, are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2024 ed.)). In addition, the sentence, as reassessed, is correct in law and fact, and no other error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

Accordingly, the findings, as modified, and sentence, as reassessed, are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court